LADIES' AUXILIARY ASBURY PARK LODGE NO. 128, B. P. O. E., PLAINTIFF-APPELLANT, v. ASBURY PARK LODGE NO. 128, OF THE BENEVOLENT AND PROTECTIVE ORDER OF ELKS, OF THE UNITED STATES OF AMERICA, DEFENDANT-RESPONDENT.

Argued January 19, 1943—Decided January 29, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PORTER.

For the appellant, *Harry R. Cooper*.

For the respondent, *Henry K. Golenbock*.

The opinion of the court was delivered by

PARKER, J. This is an appeal from a judgment of nonsuit. The suit was on a demand note for $800 dated June 3d, 1933, made by respondent to the order of plaintiff-appellant. Eight separate defenses were pleaded, but we need to consider only the second, which sets up the six year statute of limitations. The reply as pleaded is merely a general denial.

The suit was begun August 23d, 1940, so that the statute was effective unless something appeared that would toll it. The complaint alleged an interest payment of $48 to have been made on September 7th, 1934, and if this had been proved, the suit was begun in time; but there was no such proof. A check of $48 was put in evidence, dated August 20th, 1934, and stamped by the bank as paid on August 29th, 1934. The evidence indicates that the payment was reported at a meeting of the plaintiff lodge on September

7th, 1934, but there is no proof of the date when the check was delivered: and if it was delivered at any time before August 23d, 1934, the statute would have run.

As to the record, it would seem that proper pleading required that plaintiff should have replied specially, showing a payment within the six years before suit begun. *Van Dike* v. *Adm'rs of Van Dike,* 15 *N. J. L.* 289, 296; *S. C.,* 17 *Id.* 479: and the burden of proving such payment was on the plaintiff. *Id.;* also *Haines* v. *Watts,* 53 *Id.* 455. We need not pursue the question of pleading, as the failure of any proof that the interest check was delivered and received within the six year period fully justified the nonsuit.

The judgment is accordingly affirmed.